# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

ANTHONY D. CARTER,

       Petitioner,            :       Case No. 2:20-cv-5792

- vs -                              District Judge James L. Graham
                                        Magistrate Judge Michael R. Merz

WARDEN, Toledo
  Correctional Institution,

                                        :

       Respondent.

# DECISION AND ORDER

This habeas corpus case, brought *pro se* by Petitioner Anthony D. Carter under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations, recommending the Petition be dismissed with prejudice (ECF No. 11).

When a party objects to a Magistrate Judge's Report on a dispositive motion, the District Judge is required by Rule 72(b) of the Federal Rules of Civil Procedure to review *de novo* any portion of the Report to which specific objection has been made. Having reviewed the Report employing that standard, the Court hereby ADOPTS the Report and Recommendations of the Magistrate Judge, OVERRULES Petitioner's objections, and ORDERS that the Petition be dismissed with prejudice.

**Litigation History**

As recounted in the Report, on August 8, 2016, a Pickaway County Grand Jury indicted Carter and ten others on a 77-count indictment. (Indictment, State Court Record, ECF No. 7, Exhibit 1). Of the seventy-seven counts, Petitioner was indicted on twenty: one count of engaging in a pattern of corrupt activity, one count of conspiracy to engaging in pattern of corrupt activity, eleven counts of trafficking in cocaine; five counts of trafficking in heroin; and two counts of conspiracy to felony trafficking in cocaine. *Id.* A jury found him guilty on one count of engaging in a pattern of corrupt activity (Count One), seven counts of trafficking in cocaine (Counts 11, 12, 20, 35, 48, 64 and 65), and two counts of trafficking in heroin (Counts 36 and 49). He was sentenced to an aggregate term of imprisonment of thirty-one years.

Carter appealed to the Ohio Fourth District Court of Appeals which affirmed the conviction and sentence. *State v. Carter*, 2018 Ohio 4503 (Ohio App. 4th Dist., Nov. 2, 2018)("*State v. Carter I*"). Petitioner did not appeal further to the Supreme Court of Ohio. However, he did file a *pro se* Application to Reopen his direct appeal under Ohio R. App. P. 26(B). (Application, State Court Record, ECF No. 7, Ex. 12). The Fourth District rejected the application and the Supreme Court of Ohio declined review. (Entry, State Court Record, ECF No. 7, Ex. 13; not publicly reported)("*State v. Carter II*"), appellate jurisdiction declined, *State v. Carter*, 156 Ohio St. 3d 145 (2019). Carter filed two unsuccessful state habeas corpus petitions in the Ohio Sixth District Court of Appeals. He then filed the instant federal habeas petition pleading the following ground for relief:

> **Ground One**: The accumulation of errors in this case violated Petitioner right to due process and freedom from a wholly arbitrary deprivation of liberty. There is insufficient evidence to sustain this conviction.

The Magistrate Judge read this as a claim that the conviction was not supported by constitutionally sufficient evidence (Report, ECF No. 11, PageID 1030). The State relied heavily

2

on the testimony of Anthony Schwalbauch, a co-defendant in the case. Petitioner asserts that testimony should have been excluded for various reasons. If it were excluded, Carter asserts, there would be insufficient evidence remaining to convict.

On appeal Petitioner claimed he received ineffective assistance of trial counsel when his trial attorney failed to object to the Schwalbauch testimony on the ground of his competency to give testimony about weights and amounts of drugs or to interpret drug trade jargon from wiretap recordings. The Fourth District held Schwalbauch's testimony was properly admitted under Ohio R. Evid. 701 and therefore it was not ineffective assistance of trial counsel to fail to object to its admission on that basis. *State v. Carter I*, ¶¶ 1, 2, 8-29. Carter did not appeal to the Supreme Court of Ohio, but his Application to Reopen under Ohio R. App. P. 26(B) claimed he received ineffective assistance of appellate counsel when his appellate attorney did not raise insufficient evidence as a claim. In deciding the 26(B) Application, the Fourth District found that it had already decided the insufficient evidence claim on direct appeal as a predicate for deciding it was not ineffective assistance of trial counsel to fail to make an objection on that basis. In other words, because Schwalbauch's testimony was (a) properly admitted and (b) sufficient to convict, Carter suffered neither ineffective assistance of trial counsel nor ineffective assistance of appellate counsel with respect to the Schwalbauch testimony. The Report concluded that the Fourth District's decisions were not objectively unreasonable applications of the controlling Supreme Court precedent, *Strickland v. Washington,* 466 U.S. 668 (1984), and *Jackson v. Virginia*, 443 U.S. 307 (1979).

The Court agrees with that conclusion and finds the Objections unpersuasive for the following reasons.

First of all, Carter had argued the Pickaway County Court of Common Pleas lacked subject

3

matter jurisdiction to try the case. The Report points out that Ohio common pleas courts are courts of general jurisdiction. (ECF No. 11, PageID 1045). The Objections repeat the lack of subject matter jurisdiction claim, but offer no response to the Report's conclusion (ECF No. 14, PageID 1053) other than to cite Ohio Revised Code § 2901.12(A). That section of the Revised Code speaks to venue, not subject matter jurisdiction. Carter's jurisdictional objection is OVERRULED.

Petitioner next objects that his trial attorney did not object to Schwalbauch's unqualified testimony. (Objections, ECF No. 14, PageID 1054-55). The question of whether particular testimony is competent or the witness is qualified to give it is a question of state evidence law. "Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)). The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness. *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007)(*citing Dowling v. United States*, 493 U.S. 342, 352 (1990)). It is commonplace in both state and federal courts to have a witness who is familiar with drug trade jargon "translate" that jargon for a jury. There was no constitutional violation in doing so here and Carter's objection to that effect is OVERRULED.

Carter relies on *State v. Young*, 1991 Ohio App. LEXIS 510 (2nd Dist. Feb. 7, 1991), for the proposition that Schwalbauch's testimony was insufficient to identify the drugs in question. On the contrary, the Second District held in Young that a conditional promise – I may be able to get four ounces of cocaine for you – was insufficient to support a conviction for offering to sell.

Carter also relies on *State v. Reed*, 23 Ohio App. 3d 119 (1st Dist. Feb. 13, 1985). That case did not involve the identity of a drug involved in an illegal sale, but rather whether the verdict

4

form properly identified the drug involved, which is not an issue in this case.

Carter argues "non-exhaustion" is not applicable to this case. (Objections, ECF No. 14, PageID 1058-59). But the Magistrate Judge did not recommend dismissal for lack of exhaustion or for any procedural default.

**Conclusion**

Having reviewed the case *de novo* in light of the Petitioner's Objections, the Court concludes the Objections are without merit and they are hereby OVERRULED. The Report is therefore ADOPTED. The Clerk will enter judgment dismissing the Petition with prejudice. Because reasonable jurists would not disagree with this conclusion, the Petitioner is denied a certificate of appealability and the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

Date: May 20, 2021.

                                               s/James L. Graham
                                               James L. Graham
                                               United States District Judge